UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7040 CAS (SHx) | Date | December 17, 2012 |
|---|---|---|---|
| Title | JOSEPH DAVIS V. US BANK NATIONAL ASSOCIATION, ET AL | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Jeremy Alberts | Todd Chvat |
| | Matthew Learned |

**Proceedings:** MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED (Docket #6, filed November 7, 2012)

## I. INTRODUCTION

Plaintiff filed the instant action in this Court on August 15, 2012. Plaintiff's complaint alleges six claims for relief: (1) negligence, (2) violation of the Truth in Lending Act 15 U.S.C. § 1601 et seq. ("TILA"), (3) violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), (4) wrongful foreclosure and set aside trustee's sale, (5) quiet title, and (6) declaratory relief.

Defendant Wells Fargo Bank N.A. ("Wells Fargo") filed a motion to dismiss plaintiff's complaint on November 7, 2012. Defendant U.S. Bank National Association ("U.S. Bank") joined Wells Fargo's motion on November 9, 2012. Plaintiff filed an opposition on November 26, 2012, and both Wells Fargo and U.S. Bank replied on December 3, 2012. Defendants' motions are before the Court.

## II. BACKGROUND

This lawsuit arises out of the allegedly wrongful foreclosure of real property located at 10810 Butterfield Stage Road, Littlerock, California 93543 ("the property"). Comp. ¶ 8, 18. On August 30, 2006, plaintiff executed a note in favor of Wells Fargo, which was secured by a deed of trust to the property. Comp. ¶ 19. The foreclosure sale took place in July 2012. Def. RJN, Dkt. #6, Ex. 7.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7040 CAS (SHx) | Date | December 17, 2012 |
|---|---|---|---|
| Title | JOSEPH DAVIS V. US BANK NATIONAL ASSOCIATION, ET AL | | |

The gravamen of plaintiff's complaint is that certain irregularities occurred in connection with the securitization of his mortgage loan, and that as a result, defendants had no right to foreclose on the property. Comp. ¶¶ 21 – 43. Plaintiff also alleges that the servicer of his mortgage falsely stated that plaintiff had to miss payments on his mortgage in order to qualify for a favorable loan modification. Id. ¶ 51.

### III.   LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7040 CAS (SHx) | Date | December 17, 2012 |
|---|---|---|---|
| Title | JOSEPH DAVIS V. US BANK NATIONAL ASSOCIATION, ET AL | | |

    Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

    For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

    As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

## IV.   ANALYSIS

###    A.   Plaintiff's Federal Claims

    The Court first must determine whether plaintiff has standing to bring this action despite the fact that he declared bankruptcy shortly before filing this action. Def. RJN, Dkt. #7, Exs. 1 – 2. Defendants argue that all of plaintiff's claims are the property of his bankruptcy estate, and consequently, that only the trustee in plaintiff's bankruptcy has standing to bring these claims. Since the trustee has not joined this lawsuit, defendants argue that it must be dismissed. Although plaintiff filed an opposition to defendants' motions to dismiss, plaintiff has not challenged that his claims are the property of the bankruptcy estate.

    The bankruptcy code sets out what property comprises a bankruptcy estate in 11 U.S.C. § 541. Under § 541(a), the estate includes "all legal or equitable interests of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7040 CAS (SHx) | Date | December 17, 2012 |
|---|---|---|---|
| Title | JOSEPH DAVIS V. US BANK NATIONAL ASSOCIATION, ET AL | | |

debtor in property as of the commencement of the estate," unless those interests are exempted under other subsections of § 541. As the Ninth Circuit has observed, "[t]he scope of § 541 is broad, and includes causes of action." Sierra Switchboard Co. v. Westinghouse Elec. Corp., 789 F.2d 705, 707 (9th Cir. 1986) (finding that debtor's personal injury claim for emotional distress was part of the bankruptcy estate). Claims that belong to the bankruptcy estate must be prosecuted by the bankruptcy trustee, who controls the estate and is therefore the real party in interest. Griffin v. Allstate Ins. Co., 920 F. Supp. 127 (C.D. Cal. 1996); Fed. R. Civ. Proc. 17(a) ("An action must be prosecuted in the name of the real party in interest."); Estate of Spiritos v. One San Bernadino County Superior Court Case Numbered SPR 02211, 443 F.3d 1172, 1176 (9th Cir. 2006). Under 11 U.S.C. § 541(a), a debtor's wrongful foreclosure claims that accrue prior to filing for bankruptcy protection are part of the bankruptcy estate and can only be brought by the bankruptcy trustee. Vang Chanthavong v. Aurora Loan Services, Inc., 448 B.R. 789, 800 (E.D. Cal. 2011) (no standing to pursue foreclosure claims arising from notice of default recorded prior to close of bankruptcy proceedings); In re Magana-Lopez, 2012 WL 1355553, 3 – 4 (Bankr. C.D. Cal. Apr. 18, 2012).

Here, it appears that plaintiff's federal claims accrued prior to April 26, 2012, the date his bankruptcy petition was filed. The TILA claim pursuant to 15 U.S.C. § 1641(g) accrued no later than May 2011, Opp. at 18 – 19, and presumably the FDCPA violations occurred in connection with plaintiff's default on the note, which occurred before plaintiff filed for bankruptcy protection. Consequently, these claims should be dismissed.

However, the date of the alleged FDCPA violations is not clearly set out in plaintiff's complaint, nor in plaintiff's opposition. If any FDCPA claims accrued after plaintiff filed for bankruptcy protection, these claims would not be part of the bankruptcy estate and would not be barred by the Court's analysis. Cusano v. Klein, 264 F.3d 936, 947 (9th Cir. 2001) ("generally, a debtor has no duty to schedule a cause of action that did not accrue prior to bankruptcy."); see also In re Bobroff, 766 F.2d 797, 803 (3d Cir. 1985). Plaintiff should therefore be given leave to amend his pleading to allege federal claims that accrued after he filed for bankruptcy protection. Any amended pleading should take into account the principle that "foreclosing on a property pursuant to a deed of trust is not the collection of a debt within the meaning of the FDCPA." Izenberg v. ETS Services, LLC, 589 F. Supp. 2d 1193, 1199 (C.D. Cal. 2008).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7040 CAS (SHx) | Date | December 17, 2012 |
|---|---|---|---|
| Title | JOSEPH DAVIS V. US BANK NATIONAL ASSOCIATION, ET AL | | |

    **B.**    **Remaining Claims**

    This action was initiated in this Court pursuant to federal question jurisdiction based on plaintiffs' claims under TILA and FDCPA. Since defendant Wells Fargo and plaintiff are California citizens, diversity jurisdiction does not exist.[1] Accordingly, because the only federal claims are to be dismissed, the Court declines to consider defendants' motion to dismiss the state claims at this time. If plaintiff does not submit an amended complaint adequately alleging federal claims, the Court will dismiss the remaining state claims. See 28 U.S.C. § 1467(c)(3).

---

    [1] In Wachovia Bank v. Schmidt, 546 U.S. 303 (2006), the Supreme Court held that in the context of § 1348, a national bank is located in, and therefore a citizen of, the state of its main office as set forth in its articles of association. Id. at 307. The Court did not, however, resolve whether national banks are also "located" in the state of their principal place of business, and instead left the question to be decided at a later time. Id. at 315 n.8. Many courts in the Ninth Circuit have addressed the question left open by the Supreme Court in Schmidt, and have concluded that national banks are also "located" in the state of their principal place of business. See, e.g., Rouse v. Wachovia Mortg., FSB, No. EDCV 11-00928 DMG (DTBx), 2012 WL 174206, at *14 (C.D. Cal. Jan. 13, 2012); Goodman v. Wells Fargo Bank, N.A., No. CV 11-2685 JFW (Rzx), 2011 WL 2372044, at *2 (C.D. Cal. June 1, 2011); Gutterman v. Wachovia Mortg. Bank, N.A., No. CV 11-1611 GAF (CWx), 2011 WL 2633167, at *1 (C.D. Cal. Mar. 31, 2011); Brown-Parker v. Wachovia Mortg., No. CV 12-00810 RGK (VBKx) (C.D. Cal. April 26, 2012). But see Mireles v. Wells Fargo Bank, N.A., 845 F. Supp. 2d 1034, 1060 (C.D. Cal. 2012) (finding that "Wells Fargo is a citizen only of South Dakota, not California"). These courts interpret the term "located" set forth in § 1348 in light of the Supreme Court's acknowledgment that the term may have more than one meaning and that part of Congress's purpose in enacting § 1348 was to bring federal jurisdiction over national banks in parity with federal jurisdiction over state banks and other corporate entities. Rouse, 2012 WL 174206, at *12. In accord with these decisions, this Court concluded in Ochoco v. Wells Fargo Bank, N.A., No. CV 12-6196 CAS (MANx) (C.D. Cal. Aug. 16, 2012), that Wells Fargo is a citizen of California for purposes of diversity jurisdiction.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7040 CAS (SHx) | Date | December 17, 2012 |
|---|---|---|---|
| Title | JOSEPH DAVIS V. US BANK NATIONAL ASSOCIATION, ET AL | | |

**V.     CONCLUSION**

In accordance with the foregoing, plaintiff's federal claims are DISMISSED WITHOUT PREJUDICE.  Plaintiff must file by **January 14, 2012** an amended pleading that corrects the deficiencies mentioned above.  Failure to do so will result in dismissal of plaintiff's federal claims with prejudice.

IT IS SO ORDERED.

|  | 00 | : | 02 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |